**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **CARL DENNIS CALHOUN, II,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:20-cv-00016-P-BP** |
| | § | |
| **ATTORNEY GENERAL OF TEXAS,** | § | |
| ***et al.*,** | § | |
| | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff, Carl Dennis Calhoun, II ("Calhoun"), complains that the Attorney General of Texas ("AG") violated his rights in connection with a child support case involving Aisha Watkins ("Aisha") and her daughter, Lyric Sajada Watkins ("Lyric"). He also alleges that Aisha and Lyric should be prosecuted criminally for their misdeeds. This case was automatically referred to the undersigned pursuant to Special Order 3 on January 6, 2020. ECF No. 4.

Before the Court is Calhoun's Complaint (ECF No. 1) filed January 6, 2020; the Court's Order dated March 6, 2020 (ECF No. 7) ordering Calhoun to show cause how the Court has subject matter jurisdiction over the case; Calhoun's Response to the Court's Order (ECF No. 8) filed April 6, 2020, along with numerous other filings that Calhoun made in support of his Response (ECF Nos. 10-16); and Calhoun's Response to the Court's Questionnaire (ECF Nos. 18-19) filed on September 4, 2020 and amended on September 22, 2020 (ECF No. 22). After considering the pleadings and applicable legal authorities, the Court concludes that Calhoun's Complaint should be dismissed because the Court lacks subject matter jurisdiction over his claims against Aisha and Lyric and because the Eleventh Amendment to the United States Constitution bars his claims for

damages against the AG and the Complaint fails to state a claim for injunctive relief against the AG. The undersigned therefore **RECOMMENDS** that United States District Judge Mark T. Pittman **DISMISS** this case **without prejudice**.

## I.    Background

This case is Calhoun's third suit against the AG in this Court, his second against Aisha, and his first against Lyric. In 2014, he sued the AG in a *pro se* Complaint for "18 U.S. Code 241 – Conspiracy against rights." *See Calhoun v. Att'y Gen. Office*; No. 4:14-cv-00867-O, ECF No. 1 at 1. In that case, Calhoun responded to the Court's questionnaire, and United States District Judge Reed O'Connor thereafter dismissed his case for failure to state a claim, without prejudice, finding "[t]here is no private cause of action in the criminal code, and the Court does not have the underlying facts to discern the basis for Plaintiff's suit." ECF No. 12 at 2 (citing *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994)).

In 2018, Calhoun sued Aisha and the AG for violations of numerous criminal code provisions, seeking $77 million in damages. *See Calhoun v. Office of the Att'y Gen. and Aisha Watkins*; No. 4:18-cv-772-Y, ECF No. 1 at 1-6. In that case, Senior United States District Judge Terry R. Means dismissed the suit without prejudice for failure to properly serve Aisha. ECF No. 14.

In his Complaint here, Calhoun alleges that the defendants have violated the following provisions of federal criminal law: 18 U.S.C. §§ 241, 1028, 286, 2071, 1018, 1012, 1016, 884, 2073, 1349, 514, 225, and "18 U.S. Violation under color of law." ECF No. 1 at 2-3. He alleges in a letter addressed "To whom it may concern," included in the Complaint, that Aisha Watkins and Lyric Watkins "are criminals who go around abusing the system and hardworking people." *Id.* at 5. According to correspondence to the AG attached to his Complaint, Calhoun denies any

responsibility for paying child support and alleges that the AG wrongfully pursued him for unpaid child support obligations. *Id.* at 5-22.

In his Response to the Court's Show Cause Order, Calhoun states that he requests that the Court terminate and dissolve the AG's enforcement of child support and medical support orders against him, all withholding orders, and all court-ordered community supervision; that he recover all costs and attorney's fees; and that the AG give him an official apology. ECF No. 8 at 4. He claims that Aisha abused public assistance and abused the paternity testing system. *Id.* Calhoun seeks $77 million in damages from the AG. ECF No. 22 at 5. He also seeks a permanent injunction against the AG, Aisha, Lyric and other non-parties, including the Tarrant County Community Supervision Unit, Title IV-D Court, and "all associated collection agents, employees, probation officers, counselors, law enforcement, clerks, administrators, and representatives in order to prevent further damages and harmful injuries to [Calhoun]." ECF No. 8 at 4.

## II.    LEGAL STANDARD

### A.  Screening under 28 U.S.C. § 1915(e)(2)(B)

Because Calhoun is proceeding *in forma pauperis*, the Court is authorized under 28 U.S.C. § 1915(e)(2)(B) to screen his case to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant that is immune from such a claim. *Smilde v. Snow*, 73 F. App'x 24, 25 (5th Cir. 2003). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 326–27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). And to state a claim upon which relief may be granted, a complaint must plead "enough facts to state a claim to relief that is plausible on its face" with

3

enough specificity "to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pursuant to this provision, the Court may review a complaint and dismiss *sua sponte* those claims premised on meritless legal theories and those that clearly lack any basis in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke*, 490 U.S. at 325. A § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed. *Wells v. Louisiana State Att'y Gen.*, No. CV 10-376-B-M2, 2011 WL 13186240, at *6 (M.D. La. Apr. 14, 2011), *subsequently dismissed sub nom. Wells v. State Att'y Gens. of Louisiana*, 469 F. App'x 308 (5th Cir. 2012).

    B.   Rule 12(b)(1)

Rule 12(b)(1) permits dismissal for lack of subject matter jurisdiction. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject-matter jurisdiction over a case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A] federal court may raise subject matter jurisdiction *sua sponte*.").

A federal court has subject-matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists

between the parties. 28 U.S.C. §§ 1331, 1332. "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery*, 243 F.3d at 919. Absent jurisdiction conferred by statute or the Constitution, the federal district court does not have the power to adjudicate claims and must dismiss an action if subject-matter jurisdiction is lacking. *Id.*; *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). Dismissal for lack of subject matter jurisdiction "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).

C.  Rule 12(b)(6)

Rule 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. The Rules require that each complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In considering a Rule 12(b)(6) motion, courts "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

In ruling on a motion to dismiss, a court may consider documents outside the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Additionally, a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *See Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.") (citation and quotation marks omitted).

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus when possible the Fifth Circuit has recommended that suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) (vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Great Plains Tr. Co.*, 313 F.3d at 329; *see In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 548–49 (N.D. Tex. 2014) (Boyle, J.) (dismissing for failure to state a claim without prejudice, as dismissing with prejudice would be "too harsh a sanction"). Nonetheless, courts may appropriately dismiss an action with prejudice if a court finds that the plaintiff has alleged its best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). Moreover, courts may dismiss an

6

action with prejudice if the defendant is entitled to absolute immunity because the "plaintiff will never have a claim against the defendant based on the particular facts alleged." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

A *pro se* plaintiff's pleadings are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* However, as noted above, a court may dismiss a complaint with prejudice if the plaintiff has pleaded his best case. *Jones v. Greninger*, 188 F.3d at 326–27 (citing *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

## III.    ANALYSIS

Calhoun asserts that the Defendants violated various provisions of Title 18 of the United States Code. He claims that Aisha and Lyric conspired against him to receive child support payments and that the AG violated a variety of his rights by filing a Motion for Enforcement of Child Support and Medical Support. ECF Nos. 1 at 5 and 8 at 1-2. Calhoun's Complaint should be dismissed because it fails to state federal jurisdiction for his claims against Aisha and Lyric, the AG enjoys Eleventh Amendment immunity from its claim for damages, and it fails to state a claim for injunctive relief against the AG upon which relief may be granted.

### A.    Calhoun has alleged no federal subject matter jurisdiction over his claims against Aisha and Lyric.

Calhoun has provided no jurisdictional basis for his claims against Aisha and Lyric. He claims that Aisha caused the AG to commit all of the alleged wrongdoing and that she violated various federal criminal statutes through her "abuse of public assistance and the abuse of the paternity testing system in which she has already been charged with in the State of Georgia." ECF No. 8 at 4. He claims that Aisha and Lyric fabricated the DNA results that established him as

7

Lyric's father and intentionally caused "economic, financial, willfully malicious harm" to him and his family since the year 2011. ECF No. 1 at 5. Calhoun tries to support his allegations by including a screenshot from the website "Spyfy" that shows an "Aisha Ainee Watkins" having been arrested for public assistance fraud as well as various documents from Lab Corp regarding the DNA testing performed. ECF No. 1 at 4, 8-11. However, these facts do not supply the necessary basis for the Court to exercise federal subject matter jurisdiction over his claims against Aisha and Lyric.

Calhoun does not allege that Aisha and Lyric are citizens of states other than Texas as would be necessary for diversity jurisdiction. Nor has he alleged any federal question basis for jurisdiction. Although he has cited numerous provisions of Title 18 of the United States Code that Aisha and Lyric allegedly violated, the criminal code does not provide jurisdiction for a civil case such as this one. The law is settled that there is no private right of action for violation of criminal statutes. "Courts have repeatedly held that violations of criminal statutes do not give rise to a private right of action." *Back v. UTMB*, No. 6:15-CV-129, 2016 WL 9455135, at *2 (W.D. Tex. Apr. 7, 2016); *see Williams v. Cintas Corp.*, No. 3:07-CV-0561-M, 2007 WL 1295802 (N.D. Tex. Apr. 10, 2007), *rec. adopted*, No. 3:07-CV-0561-M, 2007 WL 1300780 (N.D. Tex. May 2, 2007). Accordingly, Calhoun's claims against Aisha and Lyric should be dismissed without prejudice for lack of subject matter jurisdiction.

B.    The Eleventh Amendment bars Calhoun's claims against the AG.

Calhoun's claims against the AG for damages and for injunctive relief are barred by the Eleventh Amendment to the Constitution of the United States. Under the Eleventh Amendment, states may not be sued in federal court unless they unequivocally consent to the suit or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984). Eleventh

Amendment immunity extends to state agencies and to state officials if the relief sought would operate against the state. *Id.* at 101. An individual sued in his official capacity is also entitled to Eleventh Amendment immunity because "the state is the real, substantial party in interest." *Id.*; *Union Pac. R. Co. v. Louisiana Pub. Serv. Comm'n*, 662 F.3d 336, 340 n.3 (5th Cir. 2011) (per curiam) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.") (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Although Calhoun does not specifically state in what capacity he sues the AG, he makes his claims against him as Attorney General of Texas, which is in his official capacity. Calhoun has stated no facts and made no claim against the AG in his individual capacity. To the extent he makes claims against the AG in his official capacity for damages, the Eleventh Amendment provides immunity.

There are three possible exceptions to Eleventh Amendment immunity: (1) for claims seeking injunctive or declaratory relief against a state official under *Ex Parte Young*, 209 U.S. 123 (1908); (2) a state's waiver or consent, *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 267 (1997); and (3) Congress's abrogation of the state's immunity through section 5 of the Fourteenth Amendment, *Bd. of Trs. of Univ. of Ala. v. Garrett,* 531 U.S. 356, 364 (2001).

*Young* permits "prospective injunctive relief to prevent a continuing violation of federal law" against state officers in their official capacities and does not allow damages or other retrospective relief. *Green v. Mansour*, 474 U.S. 64, 68 (1985). Calhoun has pleaded for undisclosed prospective injunctive relief but does not state the type of injunctive relief requested or the "continuing violation of federal law" by the AG to which the injunction would be directed. *See* ECF No. 8 at 4. He simply seeks injunctive relief "to prevent further damages and harmful injuries" to him. *Id.* Calhoun does not show which provision of "federal law" the AG allegedly

violated or otherwise show how his constitutional rights were violated by the state's enforcement of his child support obligations against him. *Anderson v. Abbott*, 83 F. App'x 594, 595 (5th Cir. 2003). These allegations are insufficient to state a claim upon which relief, whether injunctive or otherwise, may be granted. *Id.*

A party seeking an injunction must establish: (1) a substantial likelihood the party will prevail on the merits; (2) a substantial threat exists that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendants; and (4) the granting of the preliminary injunction will not disserve the public interest. *Sugarbusters v. Brennan*, 177 F.3d 258, 265 (5th Cir. 1999). Relief should be granted only if the party seeking relief has clearly carried the burden of persuasion as to all four elements. *Black Fire Fighters Ass'n v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990). Here, Calhoun has failed to allege any facts that would support a claim for prospective injunctive relief against the AG, nor has he alleged facts that would meet the legal requirements for the Court to enter injunctive relief. Thus, the injunctive relief exception to Eleventh Amendment immunity under *Young* is unavailable to Calhoun.

Likewise, the other two exceptions are not applicable. Calhoun has not directed the Court to authority establishing that the state of Texas has waived immunity or consented to suit for claims alleged under 42 U.S.C. § 1983. The law is clear that Texas has not waived immunity or consented to suit under § 1983. *See, e.g.*, *Quern v. Jordan*, 440 U.S. 332, 338 n.7 (1979) ("§ 1983 does not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States . . . ."); *Baldwin v. Univ. of Texas Med. Branch at Galveston*, 945 F. Supp. 1022, 1030 (S.D. Tex. 1996) ("Congress did not abrogate the states' Eleventh Amendment immunity by enacting 42 U.S.C. §§ 1981, 1983, and 1985."). Moreover, although state officials literally are persons, they are not considered persons for § 1983 purposes when acting in their official capacities. *Will*, 491

10

U.S. at 71. Thus, the AG is not susceptible to suit in his official capacity under § 1983. Finally, Calhoun has not advanced any theory or directed the Court to any authority establishing that Congress has abrogated the state of Texas' immunity. Accordingly, his claims against the AG in his official capacity should be dismissed without prejudice for lack of subject matter jurisdiction. *Warnock v. Pecos County, Tex.*, 88 F.3d 341, 343 (5th Cir. 1996).

Calhoun has failed to allege facts that would support federal subject matter jurisdiction over his claims against Aisha and Lyric Watkins. He likewise has failed to allege facts or assert claims against the Attorney General of Texas upon which relief can be granted. Instead, he asserts claims for damages and unspecified injunctive relief that are barred by the Eleventh Amendment to the United States Constitution. Accordingly, Judge Pittman should **DISMISS** this case **without prejudice** under 28 U.S.C. § 1915(e)(2)(B).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** September 30, 2020.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE